UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLENE LONG,**

      **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

Civil Action 2:11-cv-00343
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the June 13, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 25.) The Magistrate Judge recommended that the Court affirm the Decision of the Commissioner of Social Security ("Commissioner"). On July 2, 2012, Plaintiff filed her Objections to the Report and Recommendation. (ECF No. 27.) For the following reasons, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, the decision of the Commissioner is **AFFIRMED**.

**I.**

Plaintiff filed applications for both social security disability insurance benefits and supplemental security income alleging disability since January 30, 2001 due primarily to her mental impairments.[1] On July 12, 2007, Administrative Law Judge ("ALJ") Paul R. Armstrong issued a decision finding that Plaintiff was not disabled. In July 2008, the Appeals Council

---

[1] The June 13, 2012 Report and Recommendation contains a detailed summary of the administrative testimony and medical evidence in this case. (*See* Report & Recommendation 2–11, ECF No. 25.)

remanded ALJ Armstrong's decision. The remand order generally required further consideration of the examining source opinions and Plaintiff's mental impairments. On September 28, 2009, ALJ Barbara Beran issued an administrative decision finding that Plaintiff was not disabled. The Appeals Council denied review of this decision.

On June 13, 2012, the Magistrate Judge recommended that the Court affirm the decision of the Commissioner. The Magistrate Judge first found that ALJ Beran complied with the directives of the Appeals Council's remand order. The Magistrate Judge then concluded that substantial evidence supported the ALJ's weighing of the medical evidence; that the ALJ did not err in considering Plaintiff's mental impairments and traumatic brain injury; and that substantial evidence supported the ALJ's credibility finding. Finally, the Magistrate Judge concluded that ALJ Beran did not err in failing to obtain additional evidence.

Within her Objections, Plaintiff contends that ALJ Beran failed to give full force and effect to the remand directives of the Appeals Council. Although Plaintiff's Objections focus on the Appeals Council's remand order, Plaintiff's Objections also, albeit minimally, touch on the ALJ's weighing of the medical evidence, credibility determination, and duty to develop the record.

**II.**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is

2

supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.

Based on its review of the record, the Court finds that the Magistrate Judge adequately addressed the issues raised within Plaintiff's Objections. With regard to the Appeals Council's remand, the Magistrate Judge concluded as follows:

> [O]n July 15, 2008, the Appeals Council granted Plaintiff's request for review of ALJ Armstrong's initial administrative decision and remanded the case for further consideration. On remand the Appeals Council required ALJ Beran to (1) consider and explain the weight given to Dr. Tilley's opinion; (2) evaluate Plaintiff's mental impairments in accordance with 20 C.F.R. §§ 404.1520a, 416.920a; (3) determine whether alcoholism and drug addiction are material to the disability determination; and (4) obtain additional evidence to complete the administrative record. (*See* R. at

3

> 66.)
>
> Examination of the record and the September 2009 administrative decision reveal that ALJ Beran did not commit procedural error in responding to the Appeals Council's remand directives. First, ALJ Beran's decision included both a detailed summary of Dr. Tilley's opinions and reasons why she gave Dr. Tilley's opinions little weight. (R. at 42–43.) Second, . . . ALJ Beran applied the special technique required for mental impairments under the Regulations, including extensive evaluations of Plaintiff's daily activities; social functioning; and concentration, persistence, and pace. (R. at 37–39); *see also Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006) (holding that the special technique embedded within 20 C.F.R. §§ 404.1520a, 416.920a "centers on the ALJ's rating the claimant's degree of limitation in three functional areas (activities of daily living; social functioning; and concentration, persistence, and pace) and then enumerating episodes of decompensation"). Third, ALJ Beran determined, after reviewing Plaintiff's history of alcohol and drug use, that drug and/or alcohol abuse was not material to the disability decision.
>
> Upon review of the Appeals Council's mandatory directives, the closest call appears to be whether ALJ Beran satisfied the directive to obtain additional evidence. The Appeals Council's instruction regarding additional evidence was somewhat vague, and required the ALJ "to complete the administrative record in accordance with the regulatory standards regarding consultive examinations and existing medical evidence." (R. at 66.) The regulatory standards the Appeals Council cited, 20 C.F.R. §§ 404.1512–1513, 416.912–913, generally address the balance between the claimant's requirement to provide medical evidence and the Commissioner's duty to develop the record.
>
> Here, following remand, ALJ Beran held her own administrative hearing at which both Plaintiff and a vocational expert testified. Additionally, the record reflects that the ALJ accepted and considered medical evidence related to matters that occurred after ALJ Armstrong's July 2007 decision. Although ALJ Beran did not obtain a medical expert to provide testimony, or require another consultive examination, the Appeals Council's directive did not indicate that the ALJ was required to acquire additional evidence of this nature. (*See* R. at 66.) Under these circumstances, and given the general ambiguity of this mandate, the undersigned cannot conclude that ALJ Beran erred in this regard.

(Report & Recommendation 17–19, ECF No. 25 (footnotes omitted).) The Court finds the

Magistrate Judge's conclusion and reasoning to be persuasive. Moreover, as the Commissioner

stresses, the Appeals Council wrote many portions of its remand order in non-mandatory

4

language.[2]

To the extent Plaintiff's objections contest the ALJ's weighing of the medical evidence and credibility determination, such objections are unavailing. As the Magistrate Judge recognized, the record reflects that the opinions of the examining sources in question were inconsistent with other medical evidence. Additionally, these medical sources appeared to be heavily reliant on Plaintiff's subjective complaints in reaching their opinions. Moreover, based on the entire record, substantial evidence supports ALJ Beran's determination that Plaintiff's statement and testimony were not credible as to the extent of her symptoms and limitations.

Lastly, the Court finds that the ALJ developed a sufficient record. The Magistrate Judge's analysis on this issue is also persuasive:

> Here, the ALJ did not err in failing to obtain additional evidence. ALJ Beran reached her decision based on a record that contained extensive treatment and counseling notes spanning from 2002 to 2009. This record included the treatment notes of Plaintiff's treating physicians. In addition to the opinions of Drs. Tilley and Swearingen, the record contained the opinions and mental RFC assessments provided by Dr. Waddell, which he issued well after Plaintiff's alleged onset date. Dr. Waddell appears to have accounted for Plaintiff's possible exaggeration during her earlier examinations. Additionally, the record contains the results of a neurobehavioral cognitive status examination from July 2007. Under these circumstances, the undersigned cannot conclude that ALJ Beran abused her discretion in failing to seek additional evidence.

(Report & Recommendation 27–28, ECF No. 25.)

## IV.

For the above reasons, as well as the reasoning outlined by the Magistrate Judge in her Report and Recommendation, Plaintiff's Objections (ECF No. 27) are **OVERRULED** and the

---

[2] For example, the remand order indicated that additional evidence "may include" a consultive mental examination "if warranted and available . . . ." (R. at 66.) The remand order also instructed the ALJ to obtain medical expert testimony "if necessary . . . ." (*Id.*)

Report and Recommendation is **ADOPTED** (ECF No. 25).  The decision of the Commissioner is therefore **AFFIRMED**.

    **IT IS SO ORDERED.**

                                              **s/Algenon L. Marbley**
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT COURT**

**DATED:  September 12, 2012**